JUSTICE GRAY
specially concurring in part and dissenting in part.
¶60 I specially concur in the portion of the Court’s opinion which discusses and resolves the issue relating to the definition of “accident.” I *166 dissent, however, from much of the Court’s discussion — and from its resolution — of the issue relating to “arising out of the use of.” Consequently, I cannot join in the overall result of the Court’s opinion and I would affirm the District Court.
¶61 With regard to the Court’s discussion of the definition of “accident,” I do not agree with all that is said therein. I do agree, however, that absent a statutory or policy definition, the term “accident” is ambiguous. Thus, under our precedent, the ambiguity must be resolved in favor of the insured.
¶62 With regard to the Court’s discussion of “arising out of the use of,” I agree that the phrase is ambiguous and that our cases requiring us to resolve ambiguities in insurance policies in favor of the insured are applicable. This does not mean, however, that the most expansive available approach is necessarily appropriate or proper and, indeed, the Court observes that the Appellant does not advocate a particular test.
¶63 Like the Court, I would not adopt any test under which the uninsured vehicle must be the actual instrumentality of an insured’s injuries. Such a test is too restrictive. Where a fight or shooting occurs subsequent to — and arises out of — an actual “bump” or collision by an uninsured vehicle, or a shooting occurs from within an uninsured vehicle, I agree that there is a sufficient nexus between the use of the uninsured vehicle and the insured’s injuries to require UM coverage.
¶64 In cases such as the one presently before us, however, where no “bump” or collision or assault from within the uninsured vehicle has occurred, it is my view that the nexus between use of the uninsured vehicle and the insured’s injuries is too attenuated. The tortfeasor in this case did not own — and was not driving — the uninsured vehicle. He was a passenger who exited from the vehicle and committed an assault on the insured. I cannot agree that these circumstances are sufficient to impose a requirement that UM coverage be provided.
¶65 I would affirm the District Court’s grant of summary judgment to State Farm.
CHIEF JUSTICE TURNAGE joins in the foregoing concurring and dissenting opinion of JUSTICE GRAY.